JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-06623-RGK-RAO | Date | August 19, 2021 |
|---|---|---|---|
| Title | STELLA WILSON, et al v. CUCUMBER HOLDINGS, LLC, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

On August 16, 2021, Defendants Cucumber Holdings LLC and California Opco LLC (collectively, "Defendants") removed this action from state court, asserting federal subject matter jurisdiction based on a federal question.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants state that the basis for removal is that Plaintiffs' claims arise under federal law. However, the Court's careful review of the Complaint shows that Plaintiffs raise no federal question therein. Plaintiffs' Complaint arises out of claims related to the death of Stella Wilson, who died from complications related to COVID-19, while in Defendants' care. Plaintiffs allege elder abuse, violation of patient rights, negligence, and wrongful death. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b).

In their Notice of Removal, Defendants argue that Plaintiffs' claims are preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), a federal law that provides immunity to "covered persons" who have administered a "covered countermeasure." However, on its face, the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-06623-RGK-RAO | Date | August 19, 2021 |
|---|---|---|---|
| Title | *STELLA WILSON, et al v. CUCUMBER HOLDINGS, LLC, et al* | | |

Complaint does not allege any facts that implicate the PREP Act. Moreover, Defendants cannot confer jurisdiction upon the Court by attempting to attach a federal question to their Notice of Removal or asserting an affirmative defense under federal law. Accordingly, Defendant's removal is improper for lack of federal question jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____